UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BENJAMIN DOZIER | No. 3:24cr116 (MPS) |

**RULING ON MOTIONS TO SUPPRESS**

On May 14, 2024, Defendant Benjamin Dozier was arrested on a criminal complaint for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846. ECF No. 1. On May 22, 2024, a federal grand jury returned an indictment charging him with Conspiracy to Distribute and to Possess with Intent to Distribute Fentanyl, Cocaine, and Heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 18. The defendant, proceeding pro se with the assistance of standby counsel, has filed motions to suppress evidence seized from a vehicle and residence the Government claims were his on the grounds that the associated search warrants lacked probable cause. ECF Nos. 374, 375. For the reasons set forth below, the motions to suppress are denied. I assume the parties' familiarity with the briefs and set forth only as much information as is necessary to understand the basis for this ruling.

I.      **LEGAL STANDARD**

The Fourth Amendment protects persons against "unreasonable searches and seizures" by requiring that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "A search warrant issued by a neutral and detached magistrate is entitled to

substantial deference, and doubts should be resolved in favor of upholding the warrant." *United States v. Rosa*, 11 F.3d 315, 326 (2d Cir. 1993) (internal quotation marks, brackets, and citations omitted). "[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review." *United States v. Smith*, 9 F.3d 1007, 1012 (2d Cir. 1993) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "[T]he task of a reviewing court is simply to ensure that the 'totality of the circumstances' afforded the magistrate 'a substantial basis' for making the requisite probable cause determination." *United States v. Clark*, 638 F.3d 89, 93 (2d Cir. 2011) (quoting *Gates*, 462 U.S. at 238). "Additionally, the issuing judge's finding of probable cause is itself a substantial factor tending to uphold the validity of [a] warrant.... In the end, any doubts that remain should be resolved in favor of upholding the warrant." *United States v. McKnight*, 2024 WL 812165, at *3 (D. Conn. Feb. 27, 2024) (internal quotation marks and citations omitted).

## II.   DISCUSSION

Dozier argues that the warrants did not contain any direct evidence tying criminal activity to either his home or his vehicle. ECF No. 374 at 1 ("The warrant was issued based on an affidavit that contained no direct evidence linking the vehicle to any criminal activity."); ECF No 375 at 1 ("Critically, the affidavit did not provide any direct observations, surveillance, informant tips, controlled buys, intercepted communications, or any other evidence specifically tying alleged criminal activity to Mr. Dozier's house.")

### A.   The Warrants

On May 10, 2024, Stamford police officers Michael Spinosa and Timothy Speer, then assigned to the Stamford Police Narcotics and Organized Crime Unit, submitted affidavits in support of search warrants to search a vehicle, a black Lexus, and a residence they believed were Dozier's. ECF No. 290-1 (Lexus), ECF No. 398-1 (residence). State of Connecticut Superior

Court Judge Peter A. McShane issued the search warrants.

The affiants provided background information on the ongoing investigation involving federal, state and local law enforcement agencies into a drug trafficking organization in Stamford. ECF No. 290-1 at ¶ 2.[1]

The affiants averred that on March 7, 2024, investigators conducted a "wall off" stop in Stamford of a customer of Co-Defendant Rodney Canada's named Shantz in which they seized two bags containing cocaine and eleven bags of fentanyl. *Id.* ¶ 9. The bags were stamped with the label "Blackjack." *Id.* The affidavit stated that after his arrest, Shantz indicated that he had ordered a bundle of fentanyl and two $50 bags of cocaine from Canada. *Id.* The affidavit further stated that Shantz said that he had been ordering drugs from Canada for approximately 45 days and estimated that he had spent approximately $5,000 to purchase primarily fentanyl and cocaine from Canada over the last thirty days. *Id.* Shantz was subsequently released following his arrest. *Id.* The affidavit detailed a subsequent intercepted communication on March 13, 2024, between Shantz and Canada in which Canada called Shantz and told him, "I didn't grab yet. I'm 'bout to grab it today, though" to which Shantz responded, "Nah, nah, I need soft." *Id.* ¶ 10. The affiants explained that based on their training and experience, they believed that when Canada said "I'm 'bout to grab it today," he was telling Shantz that Canada needed to obtain more fentanyl. *Id.* The affiants further stated that they believed Shantz's response of "Nah, nah, I need soft" meant that he wanted cocaine. *Id.*

The affidavit stated that Dozier operated a 2015 black Lexus. *Id.* ¶ 16. The affiants stated that on the morning of March 15, 2024, while conducting surveillance, investigators observed Canada enter the parking lot attached to the McDonald's restaurant located at 1900 Fairfield

---

[1] The affidavits for the search warrant for the residence and the vehicle are identical with the exception of ¶¶ 21-23. For ease of reference, I cite ECF No. 290-1, the affidavit for the search warrant for the vehicle.

3

Avenue in Bridgeport and back into a parking space. *Id.* ¶ 10. A few minutes later, investigators observed Dozier, driving a black Lexus, enter the parking lot and park next to Canada. *Id.* Investigators then observed Dozier exit the Lexus and enter the passenger seat of Canada's vehicle. *Id.* Moments later, Dozier exited Canada's car and got into his own. *Id.* ¶ 11. They each then drove away. *Id.*

According to the affiants, immediately following this meeting, Canada sent Shantz a text that stated "Black Jack back." *Id.* ¶ 12. As noted, the fentanyl that Canada had sold to Shantz had been stamped "Blackjack." *Id.* The affiants concluded that Canada met Dozier to receive a quantity of fentanyl that was either already stamped or was going to be stamped with the "Blackjack" logo by Canada or one of his co-conspirators. *Id.* Canada sent additional intercepted communications to other customers stating "Black Jack back." *Id.*

The affidavit states that Dozier used telephone number (475) 201-8597 to communicate with Canada for the purpose of conducting drug related business. *Id.* ¶ 8. The officers averred that in an intercepted call on April 7, 2024 between Canada and Dozier, Dozier stated that "I got the Jack now too," which they believed meant that he had available fentanyl stamped with Blackjack. *Id.* ¶¶ 13-14. In that conversation, Canada told Dozier to "come now" to "Mom dukes." *Id.* ¶ 14. After the call, Dozier was observed arriving at Canada's mother's apartment building on Glenbrook Road in Stamford in his Lexus and parking in the parking lot of the apartment building. *Id.* ¶ 15. Canada was then observed arriving in his vehicle which he parked next to Dozier so that both drivers' side windows were facing each other. *Id.* Dozier then got into Canada's car on the passenger side and after approximately 15 minutes, exited the vehicle, got into his Lexus, and

4

departed.[2] *Id.*

The affiants stated that the Lexus was registered to the defendant, and had been observed parked in the driveway of 166 West Liberty Street in Bridgeport. *Id*. ¶ 16. In addition, the defendant was observed entering and exiting the residence at 166 West Liberty Street. *Id*. ¶ 17. On May 8, 2024, the defendant was seen exiting the residence and entering the Lexus parked in the driveway. *Id.*

The affidavit also set forth Dozier's criminal history, which included convictions on June 16, 2000 for possession of narcotics; August 5, 2004 for sale of illegal drugs; April 8, 2016 for possession with intent to distribute; August 8, 2017 for sale of narcotics; and April 16, 2021 for possession with intent to distribute. *Id.* ¶ 8.

The affidavit contained a discussion of the modus operandi of drug traffickers, and the affiants explained that based on their training, experience, and participation in drug trafficking investigations, evidence of drug trafficking activities is often located in drug traffickers' homes and/or cars. *Id.* ¶¶ 18- 20 (setting forth the types of evidence that might be located).

I am not persuaded by the defendant's claim that probable cause was lacking. The affidavits included strong evidence that Canada was a drug dealer. The brevity and timing of Dozier's meetings with him, in one case after Canada stated that he was about to be re-supplied and in another after an intercepted call in which Dozier made a reference to the same stamp the officers found on the drugs Canada had sold Shantz, suggest that Dozier was a supplier for Canada. Because he drove to the meetings with Canada in a Lexus registered to him, and often left from his home, ECF No. 290-1 at 5 ¶ 16, there was probable cause to believe that evidence related to

---

[2] The defendant disputes that he got out of his vehicle and entered Canada's vehicle or that they met for 15 minutes, as opposed to a shorter period. I have addressed this alleged discrepancy in another ruling, in which I concluded, after examining the evidence, that any discrepancy was not material.

illegal narcotics would be found in both locations—or at least Judge McShane had a substantial basis for so concluding.

### III. CONCLUSION

For the foregoing reasons, the defendant's motions to suppress (ECF Nos. 374, 375) are DENIED.

IT IS SO ORDERED.

                                                        /s/
                                    Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       December 18, 2025